IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

QUINN GLOVER, by and through his next friend, ELIZABETH GLOVER,

    Plaintiff,

        v.

ALLEGHENY COUNTY; and ORLANDO HARPER, Warden of Allegheny County Jail;,

    Defendants.

Case No.

ELECTRONICALLY FILED

## COMPLAINT

### Jurisdiction and Venue

1. This case is brought pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution, seeking declaratory, injunctive, and monetary relief.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3)-(4).

3. This Court is the appropriate venue under 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to this action occurred in Allegheny County, Pennsylvania, within the Western District.

### Parties

4. Plaintiff, Quinn Glover, is a 56-year-old man who suffers from severe mental illness caused by a blood clot in his brain at about age 14. He spent more than 25 years committed to Mayview State Hospital in Bridgeville, Pennsylvania. Since Mayview closed in 2008, he has lived in various community-based psychiatric facilities, as well as personal care and nursing homes.

5. Elizabeth Glover is Quinn Glover's older sister. She lives in Allegheny County. She has helped care for Mr. Glover since his release from Mayview. She appears in this proceeding as next friend for Mr. Glover, who is mentally incompetent.

6. Defendant Allegheny County is a county government organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 436 Grant Street, Pittsburgh, Pennsylvania 15219. Allegheny County operates the Allegheny County Jail, located at 950 Second Avenue, Pittsburgh, Pennsylvania 15219.

7. Defendant Orlando Harper is the warden at the Allegheny County Jail with his principal place of business being 950 Second Avenue, Pittsburgh, Pennsylvania. Defendant Harper is responsible for the oversight, operation and administration of the ACJ, including the implementation and enforcement of all disciplinary and medical policies. He is sued both in his official and individual capacities.

**Statement of Facts**

8. Mr. Glover was arrested on April 14, 2018, as a result of sexual threats and assault on a personal-care-home worker in Monroeville. Unable to post the $25,000 bond, Mr. Glover has been detained at the Allegheny County Jail ("Jail") since then.

9. The Allegheny County Behavioral Unit has determined that Mr. Glover is incompetent to stand trial on the criminal charges, and that there is no reasonable possibility that he will become competent in the near future. The District Attorney has advised undersigned counsel that the office is prepared to withdraw the charges but needs to identify a suitable living unit for him.

10. The controversy spawning this lawsuit, and today's request for a temporary restraining order, relates to Defendant Warden Harper's deliberate indifference to Mr. Glover's very serious medical and psychiatric needs.

11. Until May 3, Mr. Glover had been housed in the Jail's medical unit, as was befitting his mental-health needs and serious medical problems.

12. Mr. Glover has a seizure disorder and diabetes. He is also at high risk of choking.

13. While on the medical unit, Mr. Glover was taking his medications, spending time out of his cell with other prisoners on the unit, and otherwise doing reasonably well.

14. On or about May 3, however, a complaint from a nurse about Mr. Glover's behavior landed him in Unit 5C, which is a psychiatric unit where prisoners are confined for 24 hours per day without any privileges. While defendants may call 5C a "mental health unit," it is solitary confinement and it is punitive.

15. Upon information and belief, Warden Harper has ignored warnings about Mr. Glover's precarious medical and mental-health situation from prison medical and psychiatric staff, and has refused their requests to return Mr. Glover to the medical unit.

16. On May 10, 2018, undersigned counsel sent a letter to Warden Harper requesting the Mr. Glover be returned to the medical unit until his release into the community can be arranged.

17. This morning, on May 11, attorneys for Allegheny County advised undersigned counsel that the Jail would not return Mr. Glover to the medical unit.

18. Since being moved to isolation, Mr. Glover has not showered and, more importantly, has refused to take his medications, including anti-seizure and diabetes medication. He had been taking the medications when he was on the medical unit.

19. Given Mr. Glover's traumatic brain injury, the seizure risk is life threatening.

3

20. Given Mr. Glover's severe mental illness, solitary confinement is medically and psychiatrically contra-indicated, and Mr. Glover is already showing signs of decompensation caused by the 24-7 isolation.

21. On the medical unit, Mr. Glover had round-the-clock medical attendants and was allowed substantial out-of-cell time to socialize and share meals with other prisoners.

22. Unless this Court grants immediate injunctive relief ordering Defendants to transfer Mr. Glover back to the medical unit, he is in significant and imminent danger of serious medical and psychiatric harm, for which he has no adequate remedy at law.

**Causes of Action**

### COUNT I – Deliberate Indifference to Serious Medical and Mental Health Needs in Violation of the Fourteenth Amendment to the U.S. Constitution

23. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs 1 to 22 of this Complaint as if fully set forth herein.

24. Defendants have acted with deliberate and callous indifference to Plaintiff's serious medical and psychiatric needs by removing him from a medical unit and placing him in solitary confinement without privileges or necessary medical monitoring and care in violation of the Fourteenth Amendment to the U.S. Constitution.

25. Plaintiff has already suffered injury and damages as a result of Defendants' unconstitutional conduct, including but not limited to severe emotional distress and harm to his physical and mental health.

26. Defendant Harper's conduct as described above is in wanton and reckless disregard of Plaintiff's physical and mental health.

**COUNT II – Defendants' Detention of Plaintiff in a Penal Institution When he is Incompetent to Stand Trial on Criminal Charges, and Imposition of Punitive Sanctions by Placement into Isolation, Violates Plaintiff's Due Process Rights Under the Fourteenth Amendment to the U.S. Constitution**

27. Plaintiffs hereby incorporate by reference the allegations contained in the above paragraphs 1 to 26 of this Complaint as if fully set forth herein.

28. Sometime on or around May 3, Allegheny County officials determined that Plaintiff was incompetent to stand trial on his criminal charges, and that he could not likely be made competent in the foreseeable future.

29. The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution prohibits punishing an incompetent person, which means Defendants' continued confinement of Plaintiff in a penal institution, and imposition of additional punitive measures in the form of solitary confinement and loss of privileges, is unconstitutional.

30. A person deemed incompetent to stand trial must either be released from confinement or civilly committed.

31. Defendant Allegheny County's ongoing detention of Plaintiff at the Jail, a penal institution, violates Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

**Prayer for Relief**

WHEREFORE, Plaintiff requests that this Court grant the following relief:

A. A declaratory judgment that Defendants' confinement of Plaintiff in solitary confinement without adequate medical and mental-health care violates Plaintiff's rights under the Fourteenth Amendment to the United States Constitution;

B. An injunction—emergency, preliminary and permanent thereafter—that orders Defendants to immediately remove Plaintiff from solitary confinement and return him to the medical unit;

C. Grant attorneys' fees and costs; and

D. Grant such other relief as the Court deems just and proper.

Dated: May 11, 2018

                Respectfully submitted,

                */s/ Witold J. Walczak*_____
                Witold J. Walczak, Esq.
                PA ID No.: 62976

                */s/ Sara J. Rose*_____
                Sara J. Rose, Esq.
                PA ID No.: 204936

                Dylan Cowart
                Legal Fellow

                American Civil Liberties Union of Pennsylvania
                247 Fort Pitt Blvd.
                Pittsburgh, PA 15222
                Tel: (412) 681-7864 (tel.)
                Fax: (412) 681-8707
                srose@aclupa.org
                vwalczak@aclupa.org

                *Counsel for Plaintiffs*